IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MIGDALIA FORT,**

    **Plaintiff,**

    v.

**ROBERT L. WILKIE,**
  Secretary of Veterans Affairs, et al.,

    **Defendants.**

**CIVIL NO. 21-1127 (PAD)**

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is the Secretary of Veterans Affairs' "Motion to Dismiss Under Fed.R.Civ.P 12(b)(3) or to Transfer for Improper Venue" (Docket No. 15), which plaintiff opposed (Docket No. 17). The Secretary replied (Docket No. 20). For the reasons explained below, the request to dismiss must be denied but the request to transfer venue granted.

**I.**    **BACKGROUND**

Plaintiff Migdalia Fort sued the Secretary, the Department of Veterans Affairs and the United States of America alleging that defendants: discriminated against her in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* ("Rehabilitation Act"); retaliated against her in violation of anti-discrimination statutes; and violated the Health Insurance Portability and Accountability Act ("HIPAA") (Docket No. 4).[1] Plaintiff is a resident of Puerto Rico. Id. The

---

[1] Among other things, plaintiff alleges that defendants subjected her to disparate treatment and to a hostile work environment; failed to timely respond to a request for reasonable accommodation; forced her to disclose confidential

Fort v. Wilie, et al.
Civil No. 21-1127 (PAD)
Memorandum and Order
Page 2

Secretary contends that the case should be dismissed under Fed.R.Civ.P. 12(b)(3) or, in the alternative, transferred to the District of New Jersey (Docket No. 15). [2]

## II.     DISCUSSION

### A.  Rehabilitation Act and ADA

The venue provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 42 U.S.C. §§2000 *et seq.* (Title "VII") applies to actions under the ADA, and the Rehabilitation Act. See, Martinez v. Bloomberg LP, 740 F.3d 211, 228 (2d Cir. 2014)(so recognizing as to ADA); Archuleta v. Sullivan, 725 F.Supp. 602, 604 (D.D.C. 1989)(same as to the Rehabilitation Act). Venue under Title VII is only proper in the judicial district where: (1) the unlawful employment practice is alleged to have been committed; (2) the employment records relevant to such practice are maintained and administered; or (3) the plaintiff would have worked but for the alleged unlawful employment practice. See, 42 U.S.C. § 2000e-5(f)(3). If the defendant is not within any of these judicial districts, venue may be proper in the judicial district where the respondent has its principal office. Id. Based on these criteria, venue does not properly lie for the ADA and Rehabilitation Act claims in the District of Puerto Rico.

Plaintiff has not stated that the alleged unlawful actions were committed in Puerto Rico instead of in New Jersey, and there is no indication that the records relating to her employment are maintained or administered in Puerto Rico; that she would have worked in Puerto Rico but for the alleged unlawful actions; or that that the defendants' principal office is in Puerto Rico. The fact

---

medical information; and constructively discharged her from her employment with the Department of Veterans Affairs.

[2] Defendants filed a separate motion to dismiss under Fed.R.Civ.P. 12(b)(1), arguing that the claims under the Rehabilitation Act and ADEA can only be asserted against the head of the relevant agency and that HIPAA does not provide for a private cause of action (Docket No. 6). In light of the court's decision to transfer the case, the motion is denied without prejudice of it being refiled, if warranted, in the District of New Jersey.

Case 3:21-cv-01127-PAD   Document 25   Filed 12/21/21   Page 3 of 4

Fort v. Wilie, et al.
Civil No. 21-1127 (PAD)
Memorandum and Order
Page 3

that plaintiff resides in Puerto Rico "does not satisfy any of the statutory requirements for venue under § 2000e-5(f)(3)." Robertson v. Donahoe, 2012 WL 2917992, *2 (M.D.Fla. July 17, 2012).

### B. ADEA and HIPAA

There is no venue provision in the ADEA or HIPAA, but federal courts have applied the general venue statute in those cases. See, e.g., Vázquez v. Jet Blue Airways Corp., 2009 WL 3103737, *4 (D.P.R. Sept. 24, 2009)("Under the ADEA, a District Court is the proper venue to hear the claim when the case complies with the general venue statute, 28 U.S.C. § 1391"); Rebar v. Marsh, 959 F.2d 216 (11th Cir.1992)(holding that, under the ADEA, the general venue statute applies); Daniels v. Wilkie, 2018 WL 2324085, *3 (D.D.C. May 22, 2018)(noting that venue for HIPAA claims "is determined by the general venue statute").[3]

Pursuant to the general venue statute, an action may be instituted in the District where plaintiff resides, the defendant resides, or the cause of action arose. See, 28 U.S.C. § 1391(e)(iii). This means that the District of New Jersey is a proper venue under ADEA and HIPAA due to the fact that the cause of action arose within that District. Yet, in contrast to the situation under Title VII, based on the fact that plaintiff resides in Puerto Rico, she could bring an ADEA claim – and perhaps an HIPAA claim if subject matter jurisdiction is found to exist for this claim – in the District of Puerto Rico.

---

[3] Some courts, however. have refused to entertain a venue analysis for HIPAA. See, e.g., Murungi v. Touro Infirmary, WL 3206859, 3 (W.D. La. June 29, 2011)("Because '[t]here is no express or implied private cause of action under HIPAA, and therefore no federal subject matter jurisdiction over any HIPAA claims,' the HIPAA claim will not be factored into the venue analysis").

Fort v. Wilie, et al.
Civil No. 21-1127 (PAD)
Memorandum and Order
Page 4

### C. Mismatch

In cases of mismatch in venue involving Title VII and the general venue statute, courts have transferred cases to districts where venue is proper for all claims. See, Gardner v. Mabus, 49 F.Supp.3d 44, 47-48 (D.D.C. 2014)(transferring case with both Title VII and ADEA claims to District where venue was proper for both claims); O'Connor v. Pan Am, 1990 WL 118286, *4 (S.D.N.Y. May 4, 1990)(similar). Transfer is more "efficient and sensible" than non-prejudicial dismissal of one claim. Benton v. England, 222 F.Supp.2d 728, 732 (D.Md. 2002). As explained above, the District of Puerto Rico would only be the appropriate venue for the ADEA and HIPAA claims, whereas the District of New Jersey would be appropriate for all of the claims. Viewed through this prism, venue is proper in the District of New Jersey.

### III. CONCLUSION

For the reasons stated, the Secretary's request to dismiss (Docket No. 15) is DENIED but the application to transfer venue is GRANTED. The Clerk is directed to transfer this case to the District of New Jersey and thereafter close this case.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of December, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge